| | |
|---|---|
| MARIA HUNGATE, <br><br>                              Plaintiff, <br> vs. <br><br> DONALD WINTER, Secretary, United States Department of the Navy, <br><br>                              Defendant. | CASE NO. 05CV2296-WQH (JMA) <br><br> ORDER RE: DEFENDANT'S MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT |

HAYES, Judge:

Pending before the Court is Defendant Donald Winter's motion to dismiss, and in the alternative, motion for summary judgment (Doc. # 18-1). The Court finds this matter suitable for submission on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**PROCEDURAL BACKGROUND**

On August 29, 2006, Plaintiff Maria Alicia Hungate (Plaintiff) filed a First Amended Complaint against Defendant Donald Winter (Defendant) in his capacity as head of the Department of the Navy. *First Amended Complaint (FAC)*, ¶ 4. The First Amended Complaint asserts claims for violation of Title VII of the Civil Rights Act of 1964 and violation of the Vocational Rehabilitation Act of 1973. *FAC*, ¶¶ 8-14, 15-22. On October 30, 2006, Defendant

1  moved to dismiss pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6), and in the alternative, moved
2  for summary judgment pursuant to FED. R. CIV. P. 56.  (Doc. # 18-1).

**BACKGROUND**

Plaintiff is a woman of Mexican American race, national origin and ancestry who worked for the Navy for 17 years.  *FAC*, ¶ 5.  In her last position, Plaintiff served as a Navy Budget Analyst for NAVAIR, North Island.  *FAC*, ¶ 5.  During Plaintiff's employment with the Navy, Plaintiff suffered from ankle, wrist, hand, and spinal disc ailments.  Plaintiff's Decl., ¶ 3. Subsequent to her injuries, the First Amended Complaint alleges that Defendant harassed and discriminated against Plaintiff on the basis of Plaintiff's disabilities in violation of the Vocational Rehabilitation Act of 1973.  *FAC*, ¶ 19.  The First Amended Complaint alleges Defendant also harassed and discriminated against Plaintiff on the basis of Plaintiff's race, national origin, and/or ancestry in violation of Title VII.  *FAC*, ¶ 3.  Common to both claims, Plaintiff asserts that she was discriminated against and otherwise adversely treated by Defendant for several years in regards to promotional opportunities, training opportunities, work load, and other terms and conditions of her employment.  *FAC*, ¶ 6.

Although unaware that she needed to contact an Equal Employment Opportunity (EEO) Counselor within 45 days of any unlawful discriminatory and/or harassing behavior, Plaintiff contacted the NAVY's Equal Employment Opportunity (EEO) office in December, 2001. Plaintiff's Decl., ¶ 4.  At that time, Plaintiff spoke with Dick Donaldson, a Naval Aviation Depot, North Island (NADEP) EEO Intake Counselor.  Plaintiff's Decl., ¶ 4.  Plaintiff complained to Donaldson about her supervisor Michelle Norris' discriminatory actions, and Donaldson assured Plaintiff that Plaintiff's complaints would be investigated.  Plaintiff's Decl., ¶¶ 4-5.

In August 2004, the Navy terminated Plaintiff's employment.  Plaintiff's Decl., ¶ 2.  On August 16, 2004, and believing her termination was the result of unlawful discrimination, Plaintiff contacted NADEP's Human Resources department.  Plaintiff's Decl., ¶ 6.  Plaintiff spoke with Cil Pleman at Human Resources, and Pleman advised Plaintiff that she had until September 27, 2004, to file an EEO complaint.  Plaintiff's Decl., ¶ 6.  Pleman sent Plaintiff a letter via certified mail documenting the August 16, 2004 discussion, and clarified that Plaintiff had 45 days from

incidents of harassment or discrimination in which to seek counseling. Plaintiff's Decl., ¶ 7; Defendant's Exhibit E-23.[1] Dated August 19, 2004, Pleman's letter was not received by Plaintiff until approximately October, 2004. Plaintiff's Decl., ¶ 7.

Pursuant to her conversation with Cil Pleman, Plaintiff filed a written complaint with the Equal Employment Opportunity Commission's (EEOC) office in Washington D.C. on September 27, 2004. Plaintiff's Decl., ¶ 8; Def's Exhibit H. Plaintiff forwarded a copy of the EEOC complaint to Cil Pleman on October 26, 2004. Plaintiff's Decl., ¶ 9. In the complaint, Plaintiff checked a box indicating that she wished to allege disability discrimination. Plaintiff did not check boxes indicating discrimination on the basis of race, color or national origin, though such boxes were available on the form. Def.'s Exhibit H-1.

On or about November 19, 2004, Plaintiff received a telephone call from EEOC Administrative Law Judge Odem in Washington D.C., and he informed Plaintiff that her complaint was being handled by the San Diego EEO office. Plaintiff's Decl., ¶ 10. On November 19, 2004, EEO counselor Gloria Ketchum interviewed Plaintiff in response to Plaintiff's discrimination complaint. Plaintiff's Decl., ¶ 11. In her EEO Counselor's Report, Ketchum indicated that the basis of Plaintiff's complaint was harassment due to physical disability. Def.'s Exhibit B-2. During the interview with Ketchum, Plaintiff alleged several incidents of disability discrimination which occurred between July of 2001 and May of 2004. Def.'s Exhibit B-2. One of the incidents which Plaintiff alleged was an incident where her supervisor, Gloria Case, asked Plaintiff to speak English after hearing Plaintiff speaking Spanish at work. Def.'s Exhibit B-2, B-7. Ketchum's EEO counselor's report indicates that Plaintiff did not contest her termination. Def.'s Exhibit B-4; Plaintiff's Decl., ¶ 14.

On December 30, 2004, Plaintiff filed a Formal Complaint of Discrimination with the EEOC. Def.'s Exhibit C. On the complaint form, Plaintiff checked a box indicating that she believed she was discriminated against on the basis of her physical disabilities. Plaintiff did not

---

[1] Plaintiff objects to Defendant's Exhibits A, B, C, D, E, F, G, and H, on the grounds that the exhibits lack foundation and contain hearsay. After considering the objections, the Court concludes that the record adequately demonstrates that the evidence contained in Defendant's exhibits would be admissible at trial. *See* FED. R. CIV. P. 56(e).

check boxes indicating that she was discriminated against on the basis of race, national origin or ancestry, though such boxes were provided. Def.'s Exhibit C-2. Plaintiff answered a question on the complaint form indicating that she believed she had been discriminated against because of her physical disabilities, but Plaintiff did not mention discrimination on the basis of race, color or national origin. Def.'s Exhibit C-4. The Formal Complaint of Discrimination indicates that Plaintiff believed the last discriminatory action taken against her occurred in May, 2004. Def.'s Exhibit C. Plaintiff did not list her termination as a discriminatory action taken against her. Def.'s Exhibit C.

On February 1, 2005, the EEOC dismissed Plaintiff's complaint because she failed to initiate contact with an EEO counselor within 45 days of any alleged discriminatory act taken against her as required by 29 C.F.R § 1614.105(a)(1). Def.'s Exhibit D-2. The agency's dismissal stated that the events forming the basis of Plaintiff's complaint occurred between July 2001 and May 2004, and that Plaintiff did not initiate the EEO process until October 26, 2004. Def.'s Exhibit D-2. The agency considered Plaintiff's forwarding of a copy of the EEOC complaint to Cil Pleman of the Navy's EEOC office as the initiation of the EEO process, which was more than five months after the last discriminatory action Plaintiff alleged in her complaint to the agency. Def.'s Exhibit D-2.

On March 16, 2005, Plaintiff filed a Notice of Appeal with the EEOC seeking review of the agency's dismissal of her complaint. Def.'s Exhibit E. In her appeal, Plaintiff did not challenge the framing of the complaint and did not challenge her termination. Def.'s Exhibit F-2. Instead, Plaintiff argued that she initiated the EEO process by filing a complaint with the EEOC on September 27, 2004, rather than on October 26, 2004, which was the date she forwarded the EEO complaint to the EEOC. Def.'s Exhibit F-2. The EEOC affirmed the agency's dismissal of Plaintiff's complaint reasoning that, even if Plaintiff had initiated the EEO process on September 27, 2004, she would still not have initiated the EEO process within the 45-day limitation period. Def.'s Exhibit F-2. The EEOC denied Plaintiff's request for reconsideration. Def.'s Exhibit G.

/

/

## STANDARDS OF REVIEW

Federal judicial power extends only to cases and controversies over which a court has subject matter jurisdiction. FED. R. CIV. P. 12(b)(1); *Barker-Hatch v. Viejas Group Baron Long Capitan Grande Band of Diqueno Mission Indians of Viejas Group Reservation,* 83 F. Supp. 2d 1155, 1156 (S.D. Cal. 2000). Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). FED. R. CIV. P. 12(b)(1) allows for dismissal where there is a "lack of jurisdiction over the subject matter" of the suit. FED. R. CIV. P. 12(b)(1). A federal court should consider its own subject matter jurisdiction prior to ruling on any other motion. *See U.S. v. Ceja–Prado,* 333 F.3d 1046, 1049 (9th Cir. 2003).

A motion to dismiss under FED. R. CIV. P. 12(b)(1) "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). If a defendant brings a "speaking motion" attacking the existence of subject matter jurisdiction in fact, the court need not presume the allegations of the complaint to be true and can determine the facts for itself. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In determining whether it has subject matter jurisdiction, the court may look beyond the allegations of the complaint and consider extrinsic evidence. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). A court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Summary judgment is appropriate under FED. R. CIV. P. 56 where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Leong v. Potter*, 347 F.3d 1117, 1123-24 (9th Cir. 2003). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine if "the evidence is such

1  that a reasonable jury could return a verdict for the nonmoving party." *Id.*

2  In ruling on a motion for summary judgment, "[t]he district court may limit its review to
3  the documents submitted for purposes of summary judgment and those parts of the record
4  specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026,
5  1030 (9th Cir. 2001). The court must view all inferences drawn from the underlying facts in the
6  light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*
7  *Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations [and] the weighing of evidence . . .
8  are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary
9  judgment." *Anderson*, 477 U.S. at 255.

**DISCUSSION**

**I. CLAIM OF DISCRIMINATION ON THE BASIS OF RACE, NATIONAL ORIGIN AND/OR ANCESTRY**

12  Defendant moves to dismiss Plaintiff's claim of discrimination on the basis of race,
13  national origin and/or ancestry pursuant to FED. R. CIV. P. 12(b)(1) on the grounds that the court
14  lacks subject matter jurisdiction over the claim because Plaintiff failed to exhaust her
15  administrative remedies. Specifically, Defendant contends that Plaintiff failed to allege
16  discrimination on the basis of race, national origin and/or ancestry at any stage of the
17  administrative process, including during her EEO counseling session and in the complaints she
18  filed with the EEOC and NADEP's EEO counseling department. Defendant further contends that
19  Plaintiff's claim of discrimination on the basis of race, national origin, and/or ancestry is not like
20  or reasonably related to Plaintiff's claim for discrimination on the basis of physical disability.

21  Plaintiff contends that she effectively raised the issue of discrimination on the basis of race,
22  national origin and/or ancestry when she told EEO Counselor Gloria Ketchum that a supervisor
23  reprimanded Plaintiff for speaking Spanish to another employee and ordered Plaintiff to speak
24  only English at work. Plaintiff further contends that her claim of discrimination on the basis of
25  race, national origin and/or ancestry is "like or reasonably related" to her claim for disability
26  discrimination.

27  A federal court lacks subject matter jurisdiction to adjudicate a Title VII claim unless the
28  plaintiff has first exhausted his or her administrative remedies. *Lyons v. England*, 307 F.3d 1092,

1103 (9th Cir. 2002); *see also Sommatino v. United States*, 255 F.3d 704 (9th Cir. 2001) (failure to exhaust becomes a jurisdictional issue if the Plaintiff does not substantially comply with administrative presentment requirements). In order to exhaust administrative remedies under Title VII, the complainant must "file a timely charge with the EEOC, thereby allowing the agency time to investigate the charge." *Lyons v. England*, 307 F.3d at 1104; 42 U.S.C. § 2000e-5(b). The administrative requirement gives the charged party notice of the claim and "narrow[s] the issues for prompt adjudication and decision." *B.K.B. v. Maui Police Dep't.*, 276 F.3d 1091, 1099 (9th Cir. 2002).

The specific claims made in the district court must be presented to the EEOC, *Albano v. Schering-Plough Corp.*, 912 F.2d 384, 385 (9th Cir. 1990), and the district court has jurisdiction over any claims of discrimination that are "like or reasonably related to" the claims filed with the EEOC. *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). Where plaintiffs have alleged one form of discrimination at the administrative level and then attempted to assert a different form of discrimination in federal court, their claims have been dismissed for failure to exhaust. *See Lowe v. City of Monrovia*, 775 F.2d 998, 1004 (9th Cir.), *amended by*, 784 F.2d 1407 (9th Cir. 1986) (plaintiff who alleged only race discrimination in administrative complaint could not include other claims in federal court action); *see also Leong v. Potter*, 347 F.3d 117, 1121-23 (9th Cir. 2003) (plaintiff who alleged race discrimination at the EEOC stage could not later allege disability discrimination in district court). A theory of discrimination cannot be alleged for the first time in district court even when the theory arises out of the same conduct underlying a different charge of discrimination filed with the EEOC. *Shah v. Mt. Zion Hospital & Med. Ctr.*, 642 F.2d 268, 271-72 (9th Cir. 1981).

Although Plaintiff took administrative action before filing her Complaint in district court, the record indicates that Plaintiff based each administrative action on alleged disability discrimination, and not on discrimination on the basis of race, color, and/or national origin. First, in Plaintiff's September 27, 2004 complaint filed with the EEOC in Washington, D.C., Plaintiff checked a box indicating that she believed that Defendant had discriminated against her on the basis of "handicap," but she did not check available boxes related to discrimination on the basis of

race, color, or national origin. Def.'s Exhibit H-1. Second, the EEO counselor's report prepared by Gloria Ketchum on December 14, 2004, indicates that the basis of Plaintiff's complaint was disability discrimination (wrist, ankle, back). Def.'s Exhibit B-2. Third, in Plaintiff's December 30, 2004 complaint, Plaintiff again checked a box indicating that she believed that Defendant discriminated against her on the basis of her physical disabilities, but Plaintiff did not check boxes to indicate discrimination on the basis of race, color, or national origin. Plaintiff included a short narrative on the complaint form which detailed the alleged disability discrimination, however, the narrative did not mention any other theory of discrimination. Def.'s Exhibit C-4. Finally, in Plaintiff's EEOC appeal from the agency's dismissal or her complaint, Plaintiff did not challenge the framing of the complaint as a complaint for disability discrimination. Def.'s Exhibit F-2.

Plaintiff's contends that she exhausted her administrative remedies as to her claim of discrimination on the basis of race, national origin and/or ancestry discrimination by relating the incident where she was told to speak English at work to EEO Counselor Ketchum. Plaintiff contends that, as an unsophisticated party, she could not reasonably be expected to state all her possible EEO claims in her Formal Complaint, and that the Navy's EEO office had a duty to "properly categorize" her complaint. Opposition at 7. However, while it is true that administrative requirements are to be construed "with utmost liberality," *B.K.B.*, 276 F.3d at 1100, a complainant must nevertheless reveal her intent and provide notice of her claims. *Leong*, 347 F.3d at 1122.

In the present case, the record indicates that Plaintiff intended to bring a claim of disability discrimination, and the Court concludes that Plaintiff's mere mention of the incident where Plaintiff's supervisor told Plaintiff to speak English at work did not put the EEOC or Defendant on notice of a claim for discrimination on the basis of race, color, or national origin. Plaintiff repeatedly failed to check available boxes indicating a claim for discrimination on the basis of race, color, or national origin, and did not mention the basis for liability in her narrative on the complaint form. After reviewing the First Amended Complaint and the evidence submitted, the Court concludes that Plaintiff did not seek EEO counseling or file an administrative complaint with respect to her claim for race, color, or national origin discrimination.

1    The court must still determine whether Plaintiff's claim of discrimination on the basis of
2 race, color, national origin and/or ancestry is "like or reasonably related to" her claim for disability
3 discrimination. District courts have jurisdiction over Title VII claims that are "like or reasonably
4 related to" the charge filed with the EEOC. *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990).
5 In this case, the Court concludes that Plaintiff seeks to bring a suit on an entirely new
6 theory–discrimination on the basis of race, color, and/or national origin–which is not like or
7 related to disability discrimination. Where plaintiffs have alleged one form of discrimination at
8 the administrative level and attempted to assert a different form of discrimination in federal court,
9 their claims have been dismissed for failure to exhaust administrative remedies and lack of subject
10 matter jurisdiction. *See Lowe*, 775 F.2d at 1004; *Shah*, 642 F.2d at 271-72; *Leong*, 347 F.3d at
11 1120-23.

12    This case is analogous to *Leong v. Potter*, 347 F.3d 1117 (9th Cir. 2003). In *Leong*, the
13 plaintiff filed a claim with the EEOC alleging discrimination based on "race, color, religion, sex,
14 national origin and/or age." *Id*. at 1120. In a subsequently filed action in the district court, the
15 plaintiff alleged discrimination based on disability (mental illness). The district court dismissed
16 the plaintiff's disability claim for lack of subject matter jurisdiction due to plaintiff's failure to
17 exhaust his administrative remedies prior to bringing the claim in the district court. On appeal, the
18 Court of Appeal for the Ninth Circuit affirmed the district court and rejected the contention that
19 plaintiff's disability claim was "like or reasonably related to" his claim for race discrimination.
20 *Leong*, 347 F.3d at 1122. The Ninth Circuit reasoned that,

> Leong's charges do not provide the Postal Service adequate notice of his disability discrimination claim or that a voluntary settlement of his claim might be possible through reasonable accommodation of his mental illness. . . . A decision that an EEOC complaint with no mention whatsoever of disability is "like or reasonably related to" Leong's disability claim would reduce the exhaustion requirement to a formality.

25 *Id*.

26    The record indicates that Plaintiff's administrative actions were based on Plaintiff's
27 allegations of disability discrimination, and not on allegations of discrimination on the basis of
28 race, color, national origin and/or ancestry. The Court concludes that Plaintiff's claim of

discrimination on the basis of race, color, national origin and/or ancestry is not "like or reasonably related to" her claim of disability discrimination. *See Leong*, 347 F.3d at 1122. Therefore, as in *Leong*, Plaintiff's claim for discrimination on the basis of race, color, and/or national origin is dismissed for lack of subject matter jurisdiction.

## II. CLAIM OF DISCRIMINATION ON THE BASIS OF PHYSICAL DISABILITY

Defendant contends that Plaintiff's claim for disability discrimination should be dismissed pursuant to FED. R. CIV. P. 12(b)(1) because Plaintiff failed to seek EEO counseling within 45 days of the last discriminatory action taken against her as is required by 29 C.F.R. § 1614.105(a)(1). In the alternative, Defendant moves for summary judgment pursuant to FED. R. CIV. P. 56. Plaintiff contends that she did seek EEO counseling within 45 days of the last discriminatory action taken against her, and argues that her claim should not be dismissed for failure to exhaust her administrative remedies. Plaintiff further contends that her termination was only one of many acts contributing to a hostile work environment and that Defendant's earlier discriminatory acts contributing to the hostile work environment should be considered for purposes of determining Defendant's liability.

The Court concludes that it has subject matter jurisdiction over Plaintiff's claim for disability discrimination because Plaintiff substantially complied with the statutory claim presentment requirements; *see* 42 U.S.C. § 2000e-5; 29 C.F.R. § 1614.105(a); and because "the filing of a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to filing suit." *Josephs v. Pacific Bell*, 443 F.3d 1050, 1053 (9th Cir. 2006); *see Sommatino v. United States*, 255 F.3d 704, 707-10 (9th Cir. 2001) (though a timely filed EEOC complaint is not a jurisdictional prerequisite, substantial compliance with the presentment of a discrimination complaint is a jurisdictional prerequisite in the Ninth Circuit); *see also Zipes v. Trans World Airlines*, 455 U.S. 358, 392-93 (1982). Notwithstanding jurisdiction, a federal employee must nevertheless seek counseling "within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1); *Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003). "Failure to comply with [29 C.F.R. § 1614.105(a)(1)] is 'fatal to a federal employee's discrimination claims.'"

*Id.*, *citing Lyons*, 307 F.3d at 1105.

In determining whether Plaintiff sought EEO counseling within 45 days of the last discriminatory action taken against her, the court must determine the nature and date of the last discriminatory action taken. Plaintiff contends that her August 8, 2004 termination was the last discriminatory action taken against her and cites her conversation with Cil Pleman of the Navy's Human Resources department on August 16, 2004, and her subsequent filing of a complaint with the EEOC as satisfaction of the 45 day counseling requirement. Plaintiff asserts that she justifiably relied on the advice of Pleman in filing her claim with the EEOC and that this act initiated the administrative process in lieu of speaking with an EEO counselor. Defendant contends that Plaintiff never contested her termination at the administrative level, and cites to Plaintiff's EEOC complaint, the EEO counselor's report, and Plaintiff's complaint filed with the Navy's EEO agency in support. Def.'s Exhibit H, B, C.

Plaintiff's contention that she timely contested her termination as the last act of discrimination taken against her is not supported by the administrative record. First, in Plaintiff's complaint filed with the EEOC on September 27, 2004, Plaintiff did not allege that her termination was an act of discrimination. *See* Def.'s Exhibit H-1-2. In fact, Plaintiff indicated that she was last discriminated against in April of 2004, several months before her termination. Def.'s Exhibit H-1. Second, when Plaintiff was interviewed on November 19, 2004, by EEO Counselor Ketchum, Plaintiff indicated that she did not wish to contest her termination as an act of discrimination. *See* Def.'s Exhibit B-4; Plaintiff's Decl., ¶ 14. In her counseling report, Ketchum noted that Plaintiff alleged that the discriminatory actions taken against her occurred between July of 2001 and May of 2004. Def.'s Exhibit B-3. Finally, third, in Plaintiff's complaint filed with the Navy's EEO agency on December 30, 2004, Plaintiff indicated that the most recent claim of discrimination occurred in April of 2004, and Plaintiff did not allege her termination as an act of discrimination. *See* Def's Exhibit C. The evidence indicates that Plaintiff did not contest her termination as a discriminatory act at the administrative level.

Viewing the evidence in the light most favorable to the Plaintiff, the 45 day window for which Plaintiff could seek EEO counseling began to run no later than May 31, 2004, the date of

the last discriminatory incident Plaintiff alleged at the administrative level.  Accordingly, Plaintiff had until July 15, 2004, to seek EEO counseling.  Plaintiff, however, did not contact Cil Pleman until August 16, 2004, did not file a complaint until September 27, 2004, and did not initiate EEO contact until October 26, 2004.  The record indicates that Plaintiff had ample opportunity to seek counseling and file administrative complaints, yet failed to do so within the time allowed.

 The Court concludes that Plaintiff failed to seek EEO counseling within 45 days of the last incident of discrimination, and therefore, Plaintiff's claim for disability discrimination is "time barred." *Cherosky*, 330 F.3d at 1248.

Defendant's motion for summary judgment is GRANTED with respect to Plaintiff's claim for disability discrimination.

## CONCLUSION

Defendant's motion to dismiss (Doc. # 18-1) Plaintiff's claim for discrimination based upon race, national origin, and/or ancestry is GRANTED pursuant to FED. R. CIV. P. 12(b)(1).

Defendant's motion for summary judgment (Doc. # 18-1) on Plaintiff's claim for disability discrimination is GRANTED because Plaintiff failed to seek EEO counseling within 45 days.

The Clerk of the Court is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.**

DATED:  May 3, 2007

                                  *William Q. Hayes*
                              **WILLIAM Q. HAYES**
                              United States District Judge